# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERRICK PHILLIPS,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 08-1388** |
| | : | |
| **TONY ALSLEBEN, et al.,** | : | |
| **Defendants** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                **March 12, 2009**

Errick Phillips, a state prisoner incarcerated at SCI-Retreat, has brought a Section 1983 action[1] against the officers who arrested him.  He alleges violations of his First, Fourth, Eighth, and Fourteenth Amendment rights; malicious prosecution; fraud; conspiracy; gross negligence; racial profiling; racial discrimination; and cruel and unusual punishment.  (Compl. at 8.)  Mr. Phillips has moved for summary judgment.  (See Pl.'s Mem. (Document #20).)  After careful consideration of the parties' memoranda, I will deny the motion.

---

[1] Section 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  42 U.S.C. § 1983.  Section 1983 does not by itself confer substantive rights, but instead provides a remedy for redress when a constitutionally protected right has been violated under the color of state law.  Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906-07 (3d Cir. 1997).  In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) the violation of a right secured by the Constitution, and (2) that the constitutional deprivation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  There is no dispute that each of the Individual Defendants, as Lehigh County officers or employees, acted under the color of state law at all relevant times.

**I. Background**

On the morning of October 23, 2006, Mr. Phillips was in the vicinity of 19th and Allen Streets in Allentown, Pennsylvania.  Around 9 a.m., Mr. Chris Gabellini, a local business owner and member of the neighborhood crime watch, called the Allentown Police Department regarding two suspicious individuals.  He had observed them walking up and down the block several times and looking into store fronts and parked cars; in particular, he noted that they were looking into a red GMC SUV.  One was described as wearing a brown hood, jeans, and black and white sneakers.  This individual would later be identified as Errick Phillips.

The first responding officer was Allentown Police Officer Tony Alsleben.  Officer Alsleben knew Mr. Gabellini and was aware that he was a member of the neighborhood crime watch.  When he arrived on the scene, Officer Alsleben observed three individuals standing on the sidewalk by a red SUV.  He recognized one individual from Mr. Gabellini's description as wearing a brown hood, blue jeans, and white sneakers.

Officer Alsleben parked his car some unspecified distance away from the individuals and began walking toward them.  As the officer approached, the individual who would later be identified as Mr. Phillips began to walk away; the other two did not move.  Officer Alsleben noticed that Mr. Phillips was holding an item to which a cord was attached.  It would later be identified as a laptop.

Officer Alsleben asked Mr. Phillips to stop.  Mr. Phillips' response was to quicken

-2-

his pace. Allegedly fearing for his safety, he eventually broke into a run while repeatedly saying, "I didn't do anything wrong." Though Officer Alsleben gave chase, he lost sight of Mr. Phillips, who had started to run through the backyards of the neighborhood homes.

By this point, several other officers had come to assist: Officers Kevin Kennedy, Craig Koppel, Tony Sube, and Deputy Sheriff Eric Kester. While searching the area, Deputy Kester found Mr. Phillips lying in the fetal position beneath a car. Deputy Kester ordered Mr. Phillips to come out. Mr. Phillips again tried to run but Deputy Kester was able to grab hold of his arm. Mr. Phillips continued to struggle. Officer Alsleben then ran over to assist and grab hold of Mr. Phillips' other arm. At approximately the same time, the other officers arrived.

A struggle ensued and the officers took Mr. Phillips to the ground. Mr. Phillips continued to struggle by kicking his legs and flailing his arms. The officers finally subdued and handcuffed Mr. Phillips. Officer Alsleben then found Mr. Phillips' jacket and laptop in the backyard of one of the local houses. The jacket was found to contain a glass pipe used for smoking crack cocaine.

After Mr. Phillips was in custody, Officer Alsleben noticed that Deputy Kester had blood on his face; Officer Alsleben believed Mr. Phillips was responsible even though he did not directly observe Mr. Phillips strike the deputy. Officer Kennedy was treated for a chipped tooth and sustained a bruise to the area around his eye. Mr. Phillips suffered abrasions to his face and lost a tooth; he has also complained that three other teeth were

severely loosened.

Officer Alsleben was the criminal prosecutor for the charges against Mr. Phillips. He filed two charges of simple assault[2] and two charges of aggravated assault[3] for the injuries Deputy Kester and Officer Kennedy sustained.  He also charged Mr. Phillips with resisting arrest,[4] criminal trespass,[5] disorderly conduct,[6] and possession of drug paraphernalia.[7]  He was not charged for any actions occurring before Officer Alsleben had arrived.  On July 20, 2007, the trial court considered Mr. Phillips' Motion for Writ of Habeas Corpus and dismissed both aggravated assault charges and one simple assault charge.

---

[2] Mr. Phillips was charged with violating 18 Pa. Stat. Ann. § 2701(a)(1), which defines assault as an "[attempt] to cause or intentionally, knowingly or recklessly [cause] bodily injury to another."

[3] 18 Pa. Stat. Ann. § 2702(a)(3) defines aggravated assault as an"[attempt] to cause or intentionally or knowingly [cause] bodily injury to [a police officer] in the performance of duty."

[4] A person is guilty of resisting arrest "if, with the intent of preventing a public servant from effecting a lawful arrest . . ., the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance."  Id. § 5104.

[5] Officer Alsleben charged Mr. Phillips under 18 Pa. Stat. Ann. § 3503(b)(1)(iii), which makes it an offense to "[enter] or [remain] in a place as to which notice against trespass is given by fencing or other enclosure manifestly designed to exclude intruders."  The information filed by the district attorney later changed this charge as being under § 3501(b)(1)(i), which covers notice against trespass given by actual communication to the actor.

[6] 18 Pa. Stat. Ann. § 5503(a)(1) makes it a crime to engage in fighting or threatening, or in violent or tumultuous behavior, with the intent of causing public inconvenience, annoyance or alarm, or recklessly creating a risk thereof.

[7] 35 Pa. Stat. Ann. § 780.113(a)(32) makes it a crime to possess with intent to use drug paraphernalia for the purpose of ingesting, inhaling, or otherwise introducing a controlled substance into the human body.

The trial was held on September 5, 2007.  The jury returned its verdict on September 6, 2007, finding Mr. Phillips guilty of resisting arrest and possession of drug paraphernalia.  He was acquitted of the disorderly conduct, simple assault, and criminal trespass charges.  Mr. Phillips was sentenced on October 30, 2007, to a term of nine to twenty-four months for the resisting arrest charge and a concurrent twelve month term for the possession charge.

On May 6, 2008, Mr. Phillips filed this Section 1983 complaint, which presents a parade of legal claims ranging from unlawful arrest to fraud to First Amendment violations.  (See Compl. at 8.)  Mr. Phillips' motion for summary judgment refines these claims.  Viewing the complaint in tandem with the summary judgment memorandum, I understand Mr. Phillips to be presenting claims for (1) Malicious prosecution; (2) Unlawful arrest; (3) Racial discrimination and profiling; (4) Use of excessive force; and (5) Intentional infliction of emotional distress.

## II. Standard of review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  An issue is "genuine" when a reasonable jury could return a verdict for the non-moving party based on the evidence in the record.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" when it could affect the outcome of the case under the governing law.  Id.

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met simply by demonstrating "to the district court that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325.  After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  Summary judgment is therefore appropriate when the non-moving party fails to rebut by making a factual showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Under Rule 56 of the Federal Rules of Civil Procedure, the court must view the evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party.  Anderson, 477 U.S. at 255.  The court must decide not whether the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.  Id. at

252.  If the non-moving party has produced more than a "mere scintilla of evidence"

demonstrating a genuine issue of material fact, then the court may not credit the moving

party's version of events against the opponent, even if the quantity of the moving party's

evidence far outweighs that of its opponent.  Big Apple BMW, Inc. v. BMW of N. Am.,

Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. Discussion

### 1) Application of Heck v. Humphrey

As a preliminary matter, I consider the defendants' argument that this suit is barred

under the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck,

the Court stated that a prisoner may not use a Section 1983 claim to challenge the validity

of his conviction.  Id. at 486.  "[I]n order to recover damages for . . . [harms] caused by

actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas

corpus."  Id. at 486–87.  The court must consider "whether a judgment in favor of the

[prisoner] would necessarily imply the invalidity of his conviction or sentence."  Id. at

487.  If a favorable judgment would invalidate the conviction or sentence, then the action

may not be considered and must be dismissed.

The defendants argue that Mr. Phillips' claim is barred under this rule because his conviction and/or sentence have not been reversed, declared invalid, or expunged. (Defs.' Mem. at 6–7.)  Mr. Phillips counters that his claims are for charges that had been dismissed or for which he had been found acquitted.  After careful consideration of the parties' arguments, I find that Mr. Phillips' malicious prosecution, excessive force, and intentional infliction of emotional distress claims are not barred by <u>Heck</u>, but his equal protection and unlawful arrest claims are barred.

### a) Claims not barred under <u>Heck</u>

The malicious prosecution claim is not barred.  The claim is made with respect to the dismissed and acquitted charges.  A verdict in Mr. Phillips' favor would not invalidate his conviction or sentence, which necessarily were on other charges.  <u>See, e.g.</u>, <u>Kalomiris v. Monroe County Syndicate</u>, 2009 WL 73785, at *8–9 (M.D. Pa. Jan. 8, 2009) (allowing a malicious prosecution claim to go forward because it was based on charges that had been dismissed).

The excessive force claim is not barred.  The officers may have had reasonable grounds to make a lawful arrest, but they were not entitled to use excessive force in making that arrest.  A finding that the defendants employed excessive force does not necessarily negate the lawfulness of his arrest.  <u>See, e.g.</u>, <u>Nelson v. Jashurek</u>, 109 F.3d 142, 145–46 (3d Cir. 1997) (finding an excessive force claim not barred by <u>Heck</u> despite a prior conviction for resisting a lawful arrest).

The intentional infliction of emotional distress claim is not barred as a favorable ruling has no effect on the validity of Mr. Phillips' conviction.

### b) Claims barred by <u>Heck</u>

I find that Mr. Phillips' equal protection claim is barred.  The Third Circuit has unequivocally stated that "[i]f a person can demonstrate that he was subjected to selective enforcement in violation of his *Equal Protection* rights, his conviction will be invalid." <u>Gibson v. Superintendent of N.J. Dept. of Law & Pub. Safety</u>, 411 F.3d 427, 440–41 (3d Cir. 2005); <u>see also</u> <u>Cook v. Layton</u>, 2008 WL 4927327, at *1 (3d Cir. 2008) ("[A] successful claim of racially discriminatory enforcement of the law would invalidate the resulting conviction and sentence.").  Because a favorable verdict on this claim would necessarily invalidate Mr. Phillips' conviction or sentence, it is barred.

The resisting arrest claim is also barred under <u>Heck</u>.  Mr. Phillips was convicted of resisting arrest.  Under Pennsylvania law, one of the elements of a resisting arrest charge is that the officer was making a lawful arrest.  <u>See</u> 18 PA. STAT. ANN. § 5104 ("A person [is guilty of resisting arrest] if, with the intent of *preventing a public servant from effecting a lawful arrest* or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else . . . ." (emphasis added)).  A finding that Mr. Phillips was unlawfully arrested necessarily invalidates that conviction. Indeed, this very situation was envisioned by the Court as one where the <u>Heck</u> bar is applicable.  <u>See</u> <u>Heck</u>, 512 U.S. at 487 n.6 (stating that a prisoner convicted of resisting

arrest cannot bring a § 1983 action for unlawful arrest when an element of the crime is that the officer was making a lawful arrest).

Having determined which claims are not barred by Heck, I will now consider the claims for malicious prosecution and excessive force.

**2) Malicious prosecution**

Mr. Phillips has alleged that he was maliciously prosecuted in violation of his First, Fourth, and Fourteenth Amendment rights.  I will deny his motion as to all arguments.

### a) First Amendment

Mr. Phillips has made no argument regarding what violations to his First Amendment rights he sustained.  His motion is denied as to this part .

### b) Fourth Amendment

To succeed on a Fourth Amendment-based malicious prosecution claim under Section 1983, a plaintiff must show that the defendant (1) instituted legal proceedings against him (2) without probable cause, (3) with malice, (4) that the proceedings were terminated in his favor, and (5) he suffered a deprivation of his liberty consistent with the concept of seizure as a consequence of the proceedings.  Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2006).

It is undisputed that at least one of the defendants was responsible for instituting the legal proceedings: Officer Alsleben has admitted that he was responsible for charging

Mr. Phillips.  (Defs.' Statement of Undisputed Facts ¶ 112; <u>see also</u> Defs.' Mem. at 16

("Officer Alsleben had sufficient probable cause to charge Plaintiff with the two counts

of aggravated assault.").)

The second element requires determining whether the defendants lacked probable

cause in instituting the proceedings.  Probable cause exists when "the facts and

circumstances within the [initiating party's] knowledge and of which [he] had reasonably

trustworthy information were sufficient to warrant a prudent man in believing that the

plaintiff had violated the law."  <u>Collins v. Christie</u>, 2008 WL 2736418, at *12 (E.D. Pa.

July 11, 2008) (first alteration added) (quoting <u>Hunter v. Bryant</u>, 502 U.S. 224, 228

(1991)).  The probable cause standard does not require the officer to conduct an extensive

investigation before making an arrest.  <u>Id.</u>

Mr. Phillips has not established that the defendants lacked probable cause.  The

parties' descriptions of the underlying events highlight the factual questions remaining.

Mr. Phillips argues that Officer Alsleben lacked probable cause to charge him with

assaulting Officer Kennedy as he was already pinned down when the officer had arrived.

(Pl.'s Statement of Undisputed Facts ¶¶ 33, 37; Pl.'s Reply to Defs.' Statement of

Undisputed Facts ¶¶ 100–101.)  Consequently, it would have been impossible for him to

hit the officer around the eye and mouth.

He also argues there was no basis for the charges that he assaulted Deputy Kester.

He claims he was not responsible for bloodying Deputy Kester's face, which was

confirmed by the deputy's testimony.  (Pl.'s Reply Mem. at 10 ("Defendant Kester clearly testified: 'I don't believe the Plaintiff hit me in the face, the blood was later determined on my face was, my own or the Plaintiff's from the struggle.'").)  Officer Alsleben was allegedly aware of this but decided to proceed with those charges anyway.  (Id.)

The defendants respond that when Officer Alsleben decided to include charges for simple and aggravated assault, he reasonably believed that "Deputy Kester had been punched in the face by [Mr. Phillips] and that the blood on his face was caused by that punch."  (Defs.' Statement of Undisputed Facts ¶ 113.)  His decision to charge Mr. Phillips for assaulting Officer Kennedy was supported by probable cause as it was made after he was informed by the officer himself that Mr. Phillips had struck him and chipped his tooth.  (Id. ¶ 114.)  Probable cause also existed for the criminal trespass charge because Officer Alsleben had observed "[Mr. Phillips] going through several area back yards during the foot pursuit, including one that was enclosed by a chain link fence."  (Defs.' Mem. at 3.)  Additionally, Mr. Phillips' jacket and laptop computer were found in a backyard enclosed by fencing.

Resolving these competing arguments will require a highly factual inquiry of what Officer Alsleben believed at the time he initiated the charges and whether those beliefs were reasonable.  Because the defendants have demonstrated that a genuine issue of material fact remains with respect to these issues, Mr. Phillips' motion as to this part is denied.  I need not consider the other elements of the claim.

### c) Fourteenth Amendment

The malicious prosecution claim is also brought under the Fourteenth Amendment's procedural due process protections.  See Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 792 (3d Cir. 2000) ("[A] section 1983 malicious prosecution claim could be based on a constitutional provision other than the Fourth Amendment, including the procedural component of the Due Process Clause, so long as it was not based on substantive due process.").  I will deny the motion as to this part.

The legal parameters of such a claim are ill-defined.  See, e.g., Randall v. Reynolds, 2006 WL 2788190, at *4 (E.D. Pa. Sept. 25, 2006) ("[T]he law is unclear how a plaintiff would proceed on a malicious prosecution claim under the procedural due process clause . . . .").  A majority of the malicious prosecution claims in this circuit have been analyzed under the Fourth Amendment's standards.  See, e.g., Bergdoll v. City of York, 2009 WL 25093, at *5 (M.D. Pa. Jan. 5, 2009); Swedron v. Borough, 2008 WL 5051399, at *5–6 (W.D. Pa. Nov. 21, 2008); Randall, 2006 WL 2788190, at *5–8; Pomykacz v. Borough of W. Wildwood, 438 F. Supp. 2d 504, 511 n.10 (D.N.J. 2006).

Despite this uncertainty, denial is proper because Mr. Phillips has failed to establish that the defendants lacked probable cause.  Whether brought under the Fourth or the Fourteenth Amendment, a malicious prosecution claim requires proof that the proceedings were initiated without probable cause.  See Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).  As discussed above, Mr. Phillips has not established that

the defendants lacked probable cause.  His motion on this part must be denied.

### 3) Excessive use of force

Mr. Phillips alleges the defendants used excessive force when arresting him.

Excessive force claims brought under Section 1983 must be "judged by reference to the

specific constitutional standard which governs that right, rather than to some generalized

'excessive force' standard."  Graham v. Connor, 490 U.S. 386, 394 (1989).  These claims

may be based on the Fourth Amendment's protection from unreasonable searches or

seizures, or the Eighth Amendment's proscription of "cruel and unusual punishment."  In

other cases where the claim arises from the use of force but not in the context of a search,

seizure, or incarceration, the substantive portion of the Fourteenth Amendment's Due

Process Clause may be applied.  See County of Sacramento v. Lewis, 523 U.S. 833,

843–45 (1998).  Mr. Phillips brings his claim under all three amendments.  I will deny his

motion as to all three.

### a) Fourth Amendment

Claims that an officer used excessive force when seizing an individual are

analyzed under the Fourth Amendment.  See McCarthy v. County of Bucks, 2008 WL

5187889, at *3 (E.D. Pa. Dec. 8, 2008) (citing Graham, 490 U.S. at 395).  A seizure

occurs when "an officer restrains the freedom of a person to walk away."  Tennessee v.

Garner, 471 U.S. 1, 7 (1985).  It is indisputable that Mr. Phillips was "seized" when he

was arrested.

The inquiry does not end here.  Mr. Phillips must also show that the defendants had acted unreasonably because the Fourth Amendment protects against "*unreasonable* searches and seizures."  U.S. CONST. amend IV (emphasis added).  Typically, reasonableness of the use of force is a factual issue to be determined by the jury.  See Abraham v. Raso, 183 F.3d 279, 290 (3d Cir. 1999).  The reasonableness of a seizure must be considered "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  Graham, 490 U.S. at 396–97.  Evaluations of such claims must allow "for the fact that police officers are often forced to make split-second judgments–in circumstances that are often tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation."  Id.

The standard is objective.  Courts do not consider the officer's intent or motivation, but only whether the actions were objectively reasonable in light of the facts and circumstances facing the officer at the time.  Id. at 397.

This question cannot be resolved at this time.  The parties disagree over key facts such as whether Mr. Phillips' hands and feet were pinned down, whether he actually struck any officer, whether he was slammed to the ground or fell, and whether he pulled Deputy Kester over the hood of a car.  The amount of force the officers would have believed to be appropriate to use would have varied with the suspect's actions.  The fact that Mr. Phillips walked (or ran) away when Officer Alsleben approached and asked him to stop is one factor to be considered.  Mr. Phillips' attempts to hide and evade detention

-15-

are also germane.  Similarly, resolution of the factual disputes previously described may also effect what amount of force the police could have reasonably used at that time. Because Mr. Phillips has not conclusively shown that the defendants acted unreasonably, his motion is denied as to this part.

### b) Eighth Amendment

The constitutional protections of the Eighth Amendment attach when the defendant has been found guilty of the charged crimes and is subject to punishment by the state.  See Hubbard v. Taylor, 399 F.3d 150, 167 (3d Cir. 2005) ("[I]t is clear that plaintiffs here are not within the ambit of the Eighth Amendment's protection against cruel and unusual punishment.  They are not yet at a stage of the criminal process where they can be punished because they have not as yet been convicted of anything." (internal quotation marks and citations omitted)).  None of Mr. Phillips' factual allegations arise from events occurring after his conviction and sentencing.  Consequently, the Eighth Amendment is not applicable, and Mr. Phillips has no valid claim on this point.

### c) Fourteenth Amendment procedural and substantive due process

Mr. Phillips is not entitled to summary judgment on the procedural and substantive due process excessive force claims.  (See Pl.'s Reply to Defs.' Mem. at 8–9.)  All claims that law enforcement officers employed excessive force in the course of an arrest or other seizure are to be analyzed under the Fourth Amendment's reasonableness test and not the substantive due process standard.  See Washington v. City of Philadelphia, 1990 WL

-16-

107651, at *3 (E.D. Pa. July 26, 1990) (citing <u>Graham</u>, 490 U.S. at 295).  His substantive due process claim cannot lie.

The motion is also denied as to the procedural due process claim.  Mr. Phillips has raised no claims as to what procedures he was due, or what pre- or post-deprivation remedies were inadequate.  Given his failure to set forth a claim presenting a cognizable procedural due process claim, Mr. Phillips' motion is denied as to this part.

### 4) Intentional infliction of emotional distress

Mr. Phillips has reserved the right to seek damages for his alleged emotional distress pending the outcome of his 1983 action.  (Pl.'s Reply to Defs.' Mem. at 9.)  The court need not consider it now and may deny the motion as to this part.

## IV. Conclusion

For the foregoing reasons, I will deny the motion for summary judgment.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERRICK PHILLIPS,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 08-1388** |
| | : | |
| **TONY ALSLEBEN, et al.,** | : | |
| **Defendants** | : | |

**O R D E R**

**STENGEL, J.**

      **AND NOW**, this 12th day of March, 2009, upon consideration of the plaintiff's Motion

for Summary Judgment (Document 20), it is hereby ORDERED that the motion is DENIED.

      **FURTHERMORE**, the plaintiff's claims of unlawful arrest and race discrimination in

violation of the Equal Protection Clause are hereby DISMISSED as barred.[1]


                    BY THE COURT:


                    /s/ Lawrence F. Stengel
                    LAWRENCE F. STENGEL, J.

---

[1] In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a Section 1983 claim could not be used to circumvent established procedures for collateral review of a conviction or other judgment. Consequently, I must consider "whether a judgment in favor of the [prisoner] would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If a favorable judgment would invalidate the conviction or sentence, then the action may not be considered and must be dismissed. For the reasons discussed in the accompanying memorandum, a favorable judgment on either the unlawful arrest or the race discrimination claim would necessarily invalidate Mr. Phillips' conviction. Consequently, they must be dismissed unless Mr. Phillips can demonstrate that the underlying conviction has been reversed or declared invalid. Id. at 486–87.